O

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.   EDCV 09-01792-VAP (RZx)                     Date:  December 15, 2009

Title:     CITI RESIDENTIAL LENDING INC., et al. -v- LUIS OBEZO
================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:

ATTORNEYS PRESENT FOR DEFENDANTS:

None

None

PROCEEDINGS:   MINUTE ORDER REMANDING ACTION TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

     On March 6, 2009, Plaintiffs Citi Residential Lending Inc. and Deutsche Bank National Trust Company ("Plaintiffs") filed a "Complaint for Unlawful Detainer" against Defendant Luis Obezo ("Defendant").  On September 22, 2009, Defendant removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (See Not. of Removal at 1–2.)

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441, et seq.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

EDCV 09-01792-VAP (RZx)
CITI RESIDENTIAL LENDING INC., et al. v LUIS OBEZO
MINUTE ORDER of December 15, 2009

  Defendant claims one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "aris[e] under" federal law.  (See Not. of Removal at 1.)  From the face of the Complaint, Plaintiff's claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendant has not shown the Court's jurisdiction based on federal question, 28 U.S.C. § 1331.

  Defendant also claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 2.)  Upon further review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant does not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

  Defendant has not met her burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California, Riverside County.

  **IT IS SO ORDERED.**